IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE WINN, | ) | CASE NO. 1:11CV0171 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY SHERIFF'S | ) | AND ORDER |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Antoine Winn, an inmate at the Cuyahoga County Jail, filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Sheriff's Department, Cuyahoga County Sheriff Bob Reid, and Wanda Gordon, an employee of the Sheriff's Department. The Jail has a written policy requiring legal mail to be opened in the inmate's presence. Plaintiff alleges that Defendant Gordon opened his legal mail that was clearly marked "legal" without his presence. She then gave Plaintiff's mail to another inmate. The Sheriff allegedly supervised and instructed her to open mail without the inmate's presence. As a result of Defendants' conduct, Plaintiff feels uncertain as to his safety as well as his privacy. He seeks damages in the amount of $500,000.00.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

In *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010, the Court noted that violation of a state statute or regulation alone is insufficient to constitute an action under § 1983. When an action involves a due process violation for random and unauthorized acts of prison guards, a Plaintiff must allege a deprivation of a liberty interest for which there is no adequate state remedy. *Id*. (citing *Parratt v. Taylor*, 451 U.S. 527, 538 (1981)). Plaintiff has failed to assert that he has no state remedy for the alleged misconduct.

In *Sallier v. Brooks,* 343 F.3d 868, 872 (6th Cir.2003), the Sixth Circuit held that a prisoner has a First Amendment right to receive mail, especially correspondence that concerns the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts. *Id.* at 874; *see also Jones v. Caruso,* 569 F.3d 258, 267 (6th Cir.2009). However, even constitutionally protected mail can be opened in the presence of the inmate. Thus, *Sallier* holds that an inmate should be present when legal mail is opened. What constitutes 'legal mail' is a question of law." *Sallier,* 343 F.3d at 871. Plaintiff alleged that the mail in question was marked "legal mail" and contained information about his pending lawsuit in Federal Court.

Usually, mail from county clerks, registrars of deeds or bar associations are not entitled to special handling by prison officials because such correspondence generally does not count as "legal mail," entitling it to First Amendment protection. Mail qualified for protection is correspondence sent by courts or attorneys at law. *Id.* at 877-878.

Although mail was allegedly opened without Plaintiff being present, he has not asserted denial of access to the courts. The fact that another inmate was given his mail and that he then felt unsafe does not amount to actual injury. An inmate must show actual injury by frustrating, impeding, or hindering his efforts to pursue his legal claim. *Stanley*, 602 F.3d at 770. The mail in question

consisted of *In Forma Pauperis* Forms. There is no explanation how another inmate's knowledge of Plaintiff's Forms caused denial of access to the Courts or caused an actionable invasion of privacy.

Further, under Ohio law, a sheriff's department is not a legal entity subject to suit. *Snyder v. Belmont County Sheriff's Depart.,* 2009 WL 467022 * 4 (S.D. Ohio Feb. 23, 2009)(citing *Petty v. County of Franklin,* 478 F.3d 341, 347 (6th Cir. 2007)). *See Barrett v. Wallace*, 107 F. Supp.2nd 949, 954 (S.D. Ohio 2000)(sheriff's department not a legal entity subject to suit).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: March 24, 2011                     s/Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE